IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL FRAZIER and JESSICA
FRAZIER, on behalf of their minor
child, J.L.F.                                                                                    PLAINTIFFS

VS.                                                        CIVIL ACTION NO. 3:16-cv-976-DPJ-FKB

UNIVERSITY OF MISSISSIPPI
MEDICAL CENTER d/b/a
BATSON CHILDREN'S
HOSPITAL, et al.                                                                                 DEFENDANTS

## ORDER

This cause is before the Court on Plaintiffs' Motion for Stay and Provisional Motion for Leave to Amend [107].

Plaintiffs ask for two forms of relief in this motion. First, they request that the Court stay the case so that they may obtain "needed medical records and expert evaluation" to determine if "a defective product played a role in the instant case." [107] at 3. Second, they ask for "provisional . . . leave to amend" the complaint, "should the evidence sustain allegations that a defective product played a role in the instant case." *Id.*

According to Plaintiffs, their minor child, J.L.F., underwent a February 2017 surgery at University of Mississippi Medical Center ("UMMC") for removal and replacement of a shunt. Plaintiffs assert that they are investigating whether they have a claim against the manufacturer of the shunt. As grounds for the stay, Plaintiffs stated in their original motion that they did not have the UMMC medical records for the February 2017 surgery and that they needed the records to conduct a full investigation and obtain an expert opinion on the issue. Plaintiffs admit, however, that they received the subject medical records on February 27, 2018. *See* [132] at 1, fn. 1.

1

"When deciding whether a stay of the proceedings is appropriate, courts consider the following factors: '1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy.'" *Shemper v. B.P. Am., Inc.*, No. 2:10-cv-138-KS-MTP, 2010 WL 2867849, at *1 (S.D. Miss. July 19, 2010)(quoting *Falgoust v. Microsoft Corp.*, No. 00–0779, 2000 WL 462919, at *2 (E.D.La. Apr.19, 2000)).

The Court finds that denial of a stay will not cause Plaintiffs hardship or inequity. In fact, *granting* a stay would cause Plaintiffs hardship. If the Court stayed this case, Plaintiffs would not be able to conduct discovery, and a stay would, therefore, hinder their ability to investigate this matter. Further, the stated grounds for Plaintiffs' motion no longer exists, since they obtained the subject medical records on February 27, 2018, almost five months ago.

As for Plaintiffs' "provisional" motion for leave to amend, it is unclear to the undersigned what relief Plaintiffs are requesting. Plaintiffs do not actually request leave to amend in their motion. Rather, Plaintiffs state that they are "mov[ing] for a stay of this case, . . . pending the production of the needed records for evaluation of the potential need for an Amended Complaint." [107] at 3. For the reasons stated above, the request for a stay is denied. And the Court instructs Plaintiffs that if they wish to file a motion for leave to amend, they must comply with Fed. R. Civ. P. 15 and L.U.Civ.R. 15, including the requirement that a proposed amended complaint must be attached as an exhibit to the motion.

Accordingly, Plaintiffs' motion [107] is denied.

SO ORDERED, this the 20th of July, 2018.

    /s/ F. Keith Ball  
    UNITED STATES MAGISTRATE JUDGE